production of the checks and the testimony of Mr. William G. Hunter, who was bookkeeper for the Beveridge Brewing Company, to this effect: "Mr. Williams did not keep any bank account in his own name that I know of. He paid all his bills but were paid by giving a check of the Beveridge Brewing Company. He would pay small bills out of the cash drawer, and make a memorandum at the time he paid them. Afterwards, he would draw a check for the amount of the memorandum to his own order, and deposit such check to the credit of the company. That course of business was kept up all the time until Mr. Williams' death." An error appears to have been made, however, in charging the defendant with $272 as per memorandum which appears in the record as Exhibit 11, in the absence of any proof that a check for that amount was drawn by Mr. Williams and deposited to the credit of the corporation. The account of the defendant's intestate was also entitled to be credited with the 3 per cent. dividend of August, 1885, amounting to $1,065.50, as appears by the ledger, which the minutes show to have been duly declared. The minutes, however, do not support the claim to a 10 per cent. dividend in the following year. If such a dividend was actually paid to other stockholders, his proportionate share thereof should be credited to Mr. Williams; but not otherwise. It seems to us that the question whether this dividend was made or not is one which could be determined beyond a reasonable possibility of error, upon proper proof. If any wrong has been done to the appellant in this respect, she can apply at the special term for relief. The judgment should be modified by deducting therefrom the sum of these two items ($1,337.-50), and as thus modified should be affirmed.

TITUS, Respondent, v. TOWN OF NEW SCOTLAND, Appellant. (Supreme Court, Appellate Division, Third Department. July 6, 1898.) Action by John H. Titus, as administrator, etc., against the town of New Scotland, Albany county. No opinion. Judgment and order affirmed, with costs.

TODD et al., Plaintiffs, v. TODD et al., Defendants. (Supreme Court, Appellate Division, Second Department. July 7, 1898.) Action by Laura Louise Todd and others against Clarence F. Todd and others. No opinion. Motion to vacate order denied, on condition that notice of any application made in pursuance of the leave hitherto granted by this court be served on W. E. Kisselburgh, Jr., attorney for the purchaser. See 49 N. Y. Supp. 913.

TOWN OF SENECA, Respondent, v. SMITH et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. July 26, 1898.) Action by the town of Seneca against George G. Smith and another. No opinion. Judgment affirmed, with costs.

TURNER, Respondent, v. CHURCH, Appellant. (Supreme Court, Appellate Division, Fourth Department. June 18, 1898.) Action by Alice M. Turner against Nina Z. Church. No opinion. Judgment affirmed, with costs. See Lerche v. Brasher, 104 N. Y. 157, 10 N. E. 58, and Hicks-Alixanian v. Walton, 14 App. Div. 200, 43 N. Y. Supp. 541.

TURPIE v. TRIPAULT. (Supreme Court, Appellate Division, First Department. March Term, 1898.) Action by John Turpie, an infant, etc., against Ludovic Tripault. No opinion. Motion granted, with $10 costs.

UNION BANK OF ROCHESTER v. SHERWOOD et al. (Supreme Court, Appellate Division, Fourth Department. June 18, 1898.) Action by the Union Bank of Rochester against Frederick A. Sherwood, impleaded, etc. No opinion. Motion for leave to appeal to the court of appeals granted, and the following questions certified to that court, viz.: (1) Was the defendant Sherwood a bona fide purchaser for value, not having delivered all the notes of Bolton, which he agreed to deliver, prior to his receiving notice that the sale to him and Mrs. Bolton was claimed to be in fraud of creditors? (2) The trial court having found that said bill of sale of August 2, 1893, was fraudulent and void, in so far as it transferred property to Mrs. Bolton, does it follow, as a matter of law, from the findings and from the undisputed facts in the case, that said bill of sale was fraudulent as to both vendees, named therein?

UNITED BROTHERHOOD OF CLOAKMAKERS, NO. 1, OF NEW YORK AND VICINITY, Respondent, v. ZEISSLER et al., Appellants. (Supreme Court, Appellate Division, First Department. June 28, 1898.) Action by the United Brotherhood of Cloakmakers, No. 1, of New York and Vicinity, against Ignatz Zeissler and others. Alfred D. Lind, for appellants. I. A. Hourwich, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

VAN NAME, Plaintiff, v. VAN NAME et al., Defendants. (Supreme Court, Appellate Division, Second Department. June 14, 1898.) Action by Jacob Van Name against William H. Van Name and others. No opinion. Motion denied, without costs.

In re VAN NESS. (Supreme Court, Appellate Division, First Department. June 10, 1898.) In the matter of John K. Van Ness. No opinion. Report confirmed, and proceedings dismissed, with costs to be paid by petitioner.

VAN ORDEN v. VAN ORDEN. (Supreme Court, Appellate Division, First Department. June 28, 1898.) Action by Margaret J. Van Orden against John M. Van Orden. No opinion. Motion granted, with $10 costs. See 52 N. Y. Supp. 1151.

VAN VOORHIS v. WEBSTER. (Supreme Court, Appellate Division, Fourth Department.

June 18, 1898.) Action by John Van Voorhis against Hawley E. Webster, impleaded, etc. No opinion. Motion for reargument denied.

In re VILAS et al. (Supreme Court, Appellate Division, Third Department. July 6, 1898.) In the matter of the judicial settlement of Harriet H. Vilas and others. No opinion. Decree affirmed, with costs.

VOLK, Appellant, v. WILLIAMS, Respondent. (Supreme Court, Appellate Division, Fourth Department. June 18, 1898.) Action by Casper Volk against J. Burt Williams. No opinion. Judgment and order affirmed, with costs.

WAITE, Respondent, v. SABEL, Appellant. (Supreme Court, Appellate Division, First Department. June 28, 1898.) Action by Oswald J. Waite against Joseph Sabel. James Murphy, for appellant. P. Q. Eckerson, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

WALLING, Respondent, v. CRANFORD et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 7, 1898.) Action by James H. Walling against John P. Cranford, Walter V. Cranford, and Frederick L. Cranford. No opinion. Judgment and order affirmed, with costs. See 48 N. Y. Supp. 909.

WARD, Respondent, v. TOMPKINS, Appellant. (Supreme Court, Appellate Division, Second Department. July 7, 1898.) Action by Maggie A. Ward against Joseph B. Tompkins. PER CURIAM. Order reversed, with $10 costs and disbursements, and motion to set aside order of examination granted, with $10 costs, on the ground that the affidavit on which the order was granted shows that the defendant's residence was in the county of New York, and that, therefore, the order directing his attendance in Kings county for examination was unauthorized by the Code.

In re WESTERFIELD et al. (Supreme Court, Appellate Division, Second Department. July 11, 1898.) In the matter of the application of Mary J. Westerfield and Flora E. Rogers for the removal of Thomas Rogers and William Cauldwell, as trustees, under the last will and testament of Jason Rogers, deceased. No opinion. Decree of the surrogate affirmed. See 53 N. Y. Supp. 25.

In re WESTERFIELD et al. (Supreme Court, Appellate Division, Second Department. July 11, 1898.) In the matter of the application of Mary J. Westerfield and Flora E. Rogers for an intermediate accounting by the trustees under the last will and testament of Jason Rogers, deceased. No opinion. Order reversed, so far as it charges Thomas Rogers with liability for the misapplication of funds of the estate by William Cauldwell prior to the 8th day of December, 1895, and in all other respects affirmed. See 53 N. Y. Supp. 25.

WIGGINS, Respondent, v. HAZARD et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. July 26, 1898.) Action by Dennis B. Wiggins against Willett E. Hazard, impleaded, etc. No opinion. Judgment affirmed, with costs.

WILCOCK, Respondent, v. HEERMANCE, Appellant. (Supreme Court, Appellate Division, Second Department. June 21, 1898.) Action by Richard Wilcock against Edmund Heermance. No opinion. Interlocutory judgment affirmed, with costs, on authority of Haupt v. Ames, 26 App. Div. 550, 50 N. Y. Supp. 495, and Schaefer v. Lithographing Co. (Sup.) 51 N. Y. Supp. 104.

WILLIAMSON, Plaintiff, v. CONTINENTAL FILTER CO. et al., Defendants. (Supreme Court, Special Term, New York County. May, 1898.) Action by David Williamson against the Continental Filter Company and others, to compel the transfer by the defendant company upon its books to plaintiff of 69 shares of its stock, and to issue a new certificate therefor. Judgment for plaintiff. Clarence De Witt Rogers, for plaintiff. Howland, Murray & Anderson, for defendants.

HISCOCK, J. The plaintiff is the holder and in possession of, and produces upon the trial of this action a certificate transferring to him absolutely and as the unqualified owner, 69 shares of the capital stock of the above-named defendant company, and seeks to compel said company to transfer said stock to him upon its books. The defendants, and principally, it appears, the defendant Anderson, dispute his right to have said stock so transferred, claiming that he holds the same as security, and not as an absolute owner. A somewhat involved explanation has been offered by the evidence of the defendants to sustain such theory of security or qualified ownership. After considering the same, however, in the light of plaintiff's evidence contradicting such theory, and in the light of the prima facie right which plaintiff has upon the face of the certificate to have it transferred to him, I am of the opinion that the latter has established his right to the relief claimed, and that he should have judgment compelling such transfer, etc. Findings or decision and judgment in accordance herewith, with costs against both defendants, may be prepared by plaintiff, and, if not satisfactory in form to defendants, they may submit amendments. Ordered accordingly.

WINGROVE, Respondent, v. WAGNER, Appellant. (Supreme Court, Appellate Division, First Department. June 17, 1898.) Action by Louise Wingrove against Louis A. Wagner. J. A. Arnold, for appellant. L. Wertheimer, for respondent. No opinion. Judgment affirmed, with costs, on the authority of Martin v. Funk, 75 N. Y. 134.